Totten, J.,
delivered the opinion of the court.
This is an action of trover for the conversion of a horse; the plaintiff recovered, and defendant’s motion for a new trial being overruled, he has appealed in error to this court.
Several questions have been raised by counsel, but the only one material to be noticed arises on this state of facts.
The plaintiff, a citizen of Georgia, was on a transient visit in Bradley county, in this State, and being there indebted, the property in question was seized and taken by defendant, a constable, in virtue of an attachment placed in his hands.
No objection is or can be taken to the validity of the proceeding in attachment; but the ground of recovery is, that the horse was not liable to be seized, under the laws of the State, the plaintiff being the head of a family and owner of but the one horse, &c. The court below held the plaintiff entitled to the protection of the poor laws referred to.
1st. The general rule is, that all property to which the debtor has right, may be taken in execution or attached for the payment of his debts. But in this State, the rights of the creditor have been restricted by a wise and benevolent legislation in favor of the poorer classes.
Do non-residents who may be casually or transiently in the State, or have property in the State, come within the policy and provisions of those laws ? We are of opinion that they do not. These several acts from that of 1820, ch. 11, to 1846, ch. 169, establish a system of poor laws for a given *46 class or description of persons. A debtor, being the head of a family, may select and set apart the property and effects in the several acts specified. They are property and effects necessary to the present subsistence of a family, or necessary to enable it to provide the means of subsistence.
Now it would seem that the poor families, they intended to be protected and provided for, are those only which are resident in the State. It may further be observed, that but for the aid and protection which these laws confer upon poor families, many of them might be reduced to such extreme destitution and want, as to make it necessary to subsist them at the public charge, a consideration that can only apply to persons residing in the State.
Again: the levying officer is liable to indictment and to suit if he violate those laws. This final consequence can be justified only upon the presumption that he has or may have knowledge of the property and effects of the persons intended to be protected, which could not be, if they were non-residents. For these and other considerations we are satisfied, that these poor laws apply only to the poor of our own State.
2nd. As to the declaration, we think no substantial objection can be taken to it. It is true that the second count contains certain special averments, as that plaintiff is the head of a family, &c., but as a special count it is bad for want of other averments, which are omitted. It may, however, be considered, as a good count in trover, the special averments being rejected as surplusage.
Trover, in common form, will lie for a wrong done against the provisions of the poor laws in question. In form the action is a fiction, in substance it is a remedy to recover the value of personal chattels wrongfully converted by another to his own use. If the plaintiff have a right of property and a right of possession at the time of the conversion, trover will lie, and that is all he need alledge. The whole case lies *47 in the proof and upon that he may recover, without special allegation of the numerous facts that must appear, to entitle-him to the benefit of these laws.
It may also be observed that special averments are inapplicable to this form of action, and to hold that they are necessary would be to hold that trover will not lie in such case. But the facts which constitute the right, make this remedy peculiarly convenient and proper.
This question of pleading, is raised on the authority of the case of Pollard vs. Thomason, 5 Hum. R. 56, reported as an action of trover for selling the plaintiff’s horse contrary to the provisions of the act of 1833, ch. 80, sec. 5, and the declaration was held to be defective, because it did not alledge that plaintiff was the head of a family.
But upon reference to the record in that case, it is found, that the action was not trover, but trespass.
The judgment will be reversed and the cause remanded for a new trial.